I was strongly inclined to register my dissent in this case, but had I dissented, I would have stood alone, and I see no useful purpose in continuing to express a dissenting view when I know that the other members of this Court are committed to a contrary opinion. My views on the extent and scope of "governmental immunity" in Alabama were clearly stated inHutchinson v. Board of Trustees of University of Alabama,288 Ala. 20, 256 So.2d 281 (1971), and in the dissenting opinions of Justice Merrill in Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68 (1975), and Lorence v. Hospital Board ofMorgan County, 294 Ala. 614, 320 So.2d 631 (1975). I refer the reader to those opinions.
My prior views of "governmental immunity" were based upon a sincere belief that if "governmental immunity" was to be abolished, the legislative branch was the appropriate branch to abolish it. In Lorence, supra, Justice Merrill suggested that the legislature could change the effect of that decision. Because the legislature did not change the effect of Lorence, and because I feel compelled to follow the precedent this Court, as presently constituted, has now established, I concur in the result. See Mr. Justice Black's special concurrence inMorgan v. Virginia, 328 U.S. 373, 66 S.Ct. 1050, 90 L.Ed. 1317
(1946), where he said: "In view of the Court's present disposition to apply that formula, I acquiesce."